## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SAMIREH KHAVARI,

        Plaintiff,

vs.                                    No. CIV  03-988  ACT/RHS

STUART ANDERSON BLACK ANGUS
RESTAURANT,

        Defendant.

### MEMORANDUM OPINION AND ORDER  GRANTING SUMMARY JUDGMENT IN PART AND DENYING SUMMARY JUDGMENT IN PART

THIS MATTER comes before the Court on Defendant Stuart Anderson Black Angus Restaurant's Motion for Summary Judgment (Doc. No. 20 ).  Having reviewed the motion and memorandum in support, the Plaintiff's Response and the accompanying exhibits, the Court finds that the Motion is well-taken in part and will be GRANTED IN PART and will be DENIED IN PART.  Summary Judgement is granted in favor of the Defendant on two of the three causes of action set forth in the Complaint. Only one cause of action remains to be determined -  the breach of an implied contract of employment to rehire Plaintiff.

### COMPLIANCE WITH THE LOCAL RULES

Counsel for both the Defendant and the Plaintiff are reminded that Local Rule 10.6 requires that portions of an exhibit to which a party wishes to bring the Court's attention must be highlighted in the original, in the copy for the Court and in the copy for each party.  Highlighting

must also be apparent on pleadings that are electronically filed.

STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  Plaintiff Samireh Khavari was hired as Manager at the Stuart Anderson Black Angus restaurant on November 18, 1997.  (Defendant's Exhibit B, Memorandum in support of Motion for Summary Judgment).

2.  Plaintiff was diagnosed with breast cancer on June 9, 1998, and underwent surgery in late June,1998.  She was on a leave of absence from June 26, 1998 returning to work on July 6, 1998.  (Defendant's Exhibit B).

3.  Plaintiff underwent chemotherapy and radiation treatment finishing in January, 1999. (Complaint).

4.  During the course of her treatment, Plaintiff took approximately two weeks of additional leave in 1998, approximately one month of leave in 1999 and approximately two weeks vacation time in March and April, 2000.  (Defendant's Exhibits, Memorandum in support of Motion to Grant Summary Judgment).

5.  On April 24, 2000 Plaintiff was promoted to General Manager with an increase in her salary.  (Defendant's Exhibit B).

6.  In July, 2000, Plaintiff began to experience severe back pain.  A MRI confirmed that the cancer had metastasized to her spine and caused two compression fractures.  (Page 53, Plaintiff's Deposition, Defendant's Exhibit C).

7.  Plaintiff took time off for further treatment including surgery.  Plaintiff returned to work part-time for four weeks but by Thanksgiving in November, 2000, was working full time.

2

(Page 49, Plaintiff's Deposition).

8.  Plaintiff's cancer continued to spread and she took an extended leave of absence beginning January 3, 2001 for aggressive chemotherapy. (Complaint; Defendant's Exhibit B; Page 49, Plaintiff's Deposition).

9.  Plaintiff informed her regional supervisor Mr. Winnett that she planned to return to work when she was done with her chemotherapy but that for the time being her position as general manager should be covered by someone else. (Page 49, Plaintiff's Deposition).

10.  Plaintiff applied for and began receiving short term disability payments through insurance provided by her employer.  Her short term disability payments began in mid January, 2001 and terminated in July, 2001.  (Page 17, Plaintiff's Deposition).

11.  Plaintiff applied for long term disability insurance through her employer but never received any long term disability insurance. (Pages 46-47, Plaintiff's Deposition).

12.  Plaintiff applied for Social Security disability payments in August, 2001, and was awarded Social Security disability benefits shortly thereafter.  (Pages 81-82, Plaintiff's Deposition).

13.  Defendant Stuart Anderson Black Angus terminated Plaintiff on December 31, 2001. The written notice of termination stated that her termination was because she had been on a leave of absence for more than twelve weeks.  (Defendant's Exhibits A, B).

14.  Plaintiff did not receive oral or written notice at the time of her termination.  (Page 69, Plaintiff's Deposition).

15.  Plaintiff was hired as an at will employee with Defendant.  (Page 89, Plaintiff's Deposition).

3

16.  Plaintiff never filed a complaint with the EEOC. (Page 6, Plaintiff's Response to Defendant's Motion for Summary Judgment).

17.  Plaintiff discussed a part-time management position with Defendant in February, 2002, after she finished her aggressive chemotherapy.  She interviewed for the position but ultimately the position was not offered to her.  (Pages 71-73, Plaintiff's Deposition).

18.  Plaintiff applied for another position with Defendant in December, 2002, but never received an invitation for an interview. (Pages 14-15, Plaintiff's Deposition).

19.  Plaintiff began working as a manager for another restaurant in January, 2003.  (Page 16, Plaintiff's Deposition).

<u>DISCUSSION</u>

Plaintiff asserts three causes of action in her complaint: 1) that Defendant wrongfully terminated her thus violating public policy;  2) that Defendant breached its contract of employment with her; and 3) that Defendant breached its implied covenant of good faith when it terminated her.  Plaintiff has failed to establish that Defendant wrongfully terminated her or that Defendant breached an implied covenant of good faith.  There are no material facts in dispute on these two causes of action.  Summary judgment will be granted to the Defendant on the first and third causes of action.  Summary judgment cannot be granted on Plaintiff's cause of action asserting a breach of an implied contract of employment because there are disputed material issues of fact concerning that cause of action.

Summary judgment is an integral part of the Federal Rules of Civil Procedure which are intended to "'secure the just, speedy and inexpensive determination of every action'."  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  Under Rule 56(c),

summary judgment is appropriate when the court, viewing the record in the light most favorable

to the non-moving party, determines that "'there is no genuine dispute over a material fact and the

moving party is entitled to judgment as a matter of law.'"  *Thrasher v. B & B Chemical Co.*, 2

F.3d 995, 996 (10th Cir. 1993) (quoting *Russillo v. Scarborough*, 935 F. 2d 1167, 1170 (10th

Cir. 1991).

      The movant bears the initial burden of showing "there is an absence of evidence to support

the nonmoving party's case."  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F. 2d 887, 891

(10th Cir. 1991).  Once the movant meets this burden, Rule 56 (e) "requires the nonmoving party

to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to

interrogatories and admissions on file', designate 'specific facts showing that there is a genuine

issue for trial'."  *Celotex*, 477 U.S. at 324.  "Where the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).


## WRONGFUL TERMINATION

      Plaintiff asserts that her employment with the Defendant was terminated wrongfully.

Plaintiff was an at-will employee and subject to the New Mexico laws of employment.  In at-will

employment situation, either the employee or the employer can terminate the employment

situation at will.  As the New Mexico state courts have clearly explained, "[a]bsent an express

employment contract that limits the ability of an employer to discharge his or her employees, the

employer or the employee may terminate the relationship 'for good cause, for no cause or even

for cause morally wrong, without being guilty of legal wrong.'" *Silva v. American Federation of State, County and Municipal Employees*, 131 N.M. 364, 366, 37 P.3d 81, 83 (2001) quoting *Vigil v. Arzola*, 102 N.M. 682, 686, 699 P.2d 613, 617 (Ct. App. 1983).  New Mexico common law recognizes two exceptions to this rule in an at-will employment situation- an employee may bring a cause of action for a breach of an implied contract of employment or an employee may bring a cause of action for retaliatory discharge.  *Silva, supra*, at 366, 83.  The New Mexico courts have specifically rejected a third exception - the implied covenant of good faith and fair dealing.  *Silva, supra*; *Melnick v. State Farm Mutual Auto Ins. Co.*, 106 N.M. 726, 730, 749 P.2d 1105, 1109 (1988).

In her first cause of action for retaliatory discharge Plaintiff alleges that she is a qualified individual with a disability, breast cancer.  She alleges that Defendant terminated her employment because of her life threatening illness which was in violation of both federal and New Mexico public policy as expressed in federal and state law.  Because of her inclusion of her disability, the Court interprets this cause of action as actually stating two separate claims - a claim of retaliatory discharge in violation of New Mexico common law and a claim of a violation of the Americans with Disabilities Act, 42 U.S.C. §12101-12213.

A claim of retaliatory discharge is recognized in New Mexico only when an employee is terminated because the employee performed an act that public policy has authorized or would encourage.  *Vigil v. Arzola*, 102 N.M. 682, 699 P.2d 613 (Ct. App 1983), *re'vd on other grounds*, 101 N.M. 687, 687 P.2d 1038 (1984), *overruled in part on other grounds*, *Chavez v. Manville Products Corp.*, 108 N.M. 643, 650, 777 P.2d 371, 378 (1989).  A sufficient nexus must connect the actions and public policy asserted by the employee and the reasons for her

termination.  *Id.,* at 689, 620.  The usual scenario is the employee terminated because she was a whistleblower alerting the public to a policy or practice of the employer which contravenes public policy.  The Plaintiff has failed to establish that are any material  facts in dispute which would support this cause of action.  Therefore, summary judgment is granted in favor of the Defendant on the claim of retaliatory discharge.

Before this Court may entertain a cause of action under the American with Disabilities Act (ADA), the Plaintiff must prove that she exhausted her administrative remedies under the Act by filing a claim with the EEOC.  42 U.S.C. §12117(a).  *Schmitt v. Beverly Health and Rehabilitation Services, Inc.*, 962 F. Supp. 1379 (D. Kan. 1997).  Plaintiff has failed to establish that she has exhausted her administrative remedies under the ADA.  Her ADA claim must be dismissed.  Summary judgment is granted in favor of the Defendant on Plaintiff's claim brought under the American with Disabilities Act.

## IMPLIED BREACH OF CONTRACT

Plaintiff was originally hired as an at-will employee.  Plaintiff alleges that at the time she went on her last medical leave, approximately January 3, 2001, she told her supervisor that although she would be unable to work while undergoing chemotherapy, she did plan to come back when she was able to work again.  During 2001, Plaintiff stayed in contact with employees of the Defendant who worked at the corporate office to apprise them of her progress and to work out insurance issues and disputed insurance claims.  Plaintiff alleges there was an understanding that she was coming back to work for Defendant and alleges that she had offered to relocate or take a lower position in order to come back to work.  Plaintiff alleges that the corporate office

employees of the Defendant with whom she kept in contact during 2001 assured her, "We'll bring you back whenever you're able to do so."

At the end of 2001, Plaintiff was terminated without notice by the Defendant. Realizing that her insurance would or had already lapsed, Plaintiff contacted Defendant. In February, 2002, Plaintiff alleges that two corporate office employees of the Defendant, Mary Ann Greenfield and Christina Joiner, offered to re-hire Plaintiff for a position at the Albuquerque store. However, either the job never materialized or the Defendant declined to re-hire the Plaintiff for this position. Defendant has never re-hired Plaintiff.

Defendant disputes most of Plaintiff's assertions including Plaintiff's assertion that Defendant had promised to re-hire the Plaintiff when she was able to return to work and the assertion that corporate employees offered a position to Plaintiff in February, 2002. Defendant denies that there was an implied contract of employment and asserts that Plaintiff continued at all times to be an at-will employee.

The Plaintiff has presented facts through her deposition that raise issues of fact whether there was an implied contract of employment and whether such a contract was breached. Because these are material issues of fact that are in dispute on this claim, Defendant is not entitled to summary judgment on the implied contract of employment issue.


### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

The New Mexico courts have explicitly held that there is no cause of action for a breach of an implied covenant of good faith and fair dealing for an at-will employee. *Melnick v. State Farm Mutual Auto. Ins. Co.*, 106 N.M. 726, 730, 749 P.2d 1105, 1109 (1988). The New Mexico

8

Supreme Court recognized that employers are entitled to serve their own legitimate business interests and must have wide flexibility in employment decisions. The Court reasoned that if it were to impose a covenant of good faith and fair dealing in every at-will employment situation, it would be as though the judiciary had imposed a collective bargaining contract on the employer. The Court reasoned that the protection of employees in at-will situations did not require this burden on either employers or the judiciary and declined to impose the covenant of good faith and fair dealing on employers whose employees were employed at-will. *Id.*, at 730, 109.

Plaintiff's theory of the case is that she was hired as an at-will employee but that Defendant, through its employees and their oral representations to her, modified the Plaintiff's at-will employment situation and created an implied contract to re-hire her. Plaintiff has not, however, presented disputed material issues of fact which would support a cause of action for a covenant of good faith and fair dealing. Plaintiff admits that she was hired as an at-will employee. Plaintiff does not present facts which would tend to prove that she anything other than an at-will employee at the time she was terminated. Defendant is entitled to summary judgment on the third cause of action claiming a breach of the covenant of good faith and fair dealing.

CONCLUSION

Summary judgment is GRANTED in favor of the Defendant Stuart Anderson Black Angus Restaurant on Counts I and III of the Complaint. Summary judgment is DENIED on Count II on the implied breach of employment contract cause of action because the Plaintiff has raised material issues of fact which are in dispute on this claim.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE

9